UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DONALD C. WOODS, )
    Plaintiff, )
  )
  vs. )    4:10-cv-00002-RLY-WGH
  )
NEW ALBANY POLICE DEPARTMENT, )
SHERRI KNIGHT, STEVEN D. )
STEWART, SHELLEY J. MARBLE, )
CLARK COUNTY SHERIFF'S )
DEPARTMENT, LESLIE D. MERKLEY, )
and BRADLEY B. JACOBS, )
    Defendants.

**ENTRY ON CLARK COUNTY PROSECUTOR STEVEN STEWART'S
AND DEPUTY PROSECUTOR SHELLEY MARBLE'S
MOTION TO DISMISS UNDER 12(b)(6) and PLAINTIFF'S REQUEST FOR
ORAL ARGUMENT**

On January 7, 2010, plaintiff, Donald Woods ("Plaintiff"), filed a complaint alleging violations of the Fourth and Fourteenth Amendments and 42 U.S.C. §1983. Specifically, Plaintiff alleges malicious prosecution, false arrest, false imprisonment, and due process violations. Defendants, Clark County Prosecutor Steven Stewart ("Stewart") and Deputy Prosecutor Shelley Marble ("Marble") (collectively "Defendants") now move the court to dismiss the action against them for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion and requests oral argument. As both parties have fully briefed their positions, the court

1

**DENIES** Plaintiff's request. For the reasons set forth below, Defendants' motion is **GRANTED**.

## I.      Factual Background

On March 13, 2006, Sherri Knight ("Knight"), a Detective with the New Albany Police Department, was contacted about allegations of child molestation. (Complaint ¶ 18). The investigation focused on Plaintiff (the biological father of the alleged victim) because of information obtained from the alleged victim's mother. (*Id.* ¶¶ 19, 41). Plaintiff had not had any contact with the alleged victim (his son) in eight years. (*Id.* ¶ 42, 43).

On July 5, 2006, Marble filed a criminal action against Plaintiff for Child Molesting (IND. CODE § 35-42-4-3(a)(1)) and Criminal Deviate Conduct (IND. CODE § 35-42-4-2). (*Id.* ¶ 20). The government alleged that Plaintiff had inserted a four-foot long piece of weed eater wire into his son's penis when he was five years old. (*Id.* ¶ 35). The government further alleged that the act took place on or about August 1998, and that the wire remained inside the son for eight years until its discovery on March 8, 2006. (*Id.* ¶¶ 36, 37). The medical report regarding the March 2006 CT scan, during which the wire was found, stated that "it [was] possible that the patient may have placed a foreign body into [his] urinary bladder." (*Id.* ¶ 40).

Plaintiff was arrested on August 1, 2006, and his bail was set at $50,000 cash only. (*Id.* ¶¶ 21, 23). Plaintiff was indigent and remained in jail from August 1, 2006, to December 23, 2009. (*Id.* ¶¶ 22, 24). Due to the nature of his charged crime, Plaintiff was

targeted, threatened, and harassed by other inmates while in custody. (*Id.* ¶ 25). The court appointed the Clark County Public Defender's Office to represent Plaintiff. (*Id.* ¶ 22). During this time, Plaintiff's case was continued nine times, with Marble remaining the constant prosecutor on the case. (*Id.* ¶¶ 32, 33). Plaintiff alleges that while he was in jail, neither Marble nor Knight investigated, questioned, or followed up with the medical expert to determine if the charges they alleged were true. (*Id.* ¶ 44).

Plaintiff's third public defender contacted the Clark County Prosecutor's Office to obtain a copy of the alleged victim's medical records for the intervening eight years. (*Id.* ¶ 57). Plaintiff alleges that Marble claimed that she did not have the medical records requested and that she thought the information was "irrelevant." (*Id.* ¶¶ 58, 59). On November 7, 2008, Marble filed a Supplement to Discovery listing three doctors and two hospitals that had cared for the alleged victim. (*Id.* ¶ 60). The records revealed that on March 18, 2005, the alleged victim had received a CT scan of the same area in which the wire was found; however, at that time, no wire was present. (*Id.* ¶ 62, 63, 64). Both the March 2005 CT scan and the March 2006 CT scan were available to Marble throughout the three years she acted as prosecutor of the case. (*Id.* ¶ 66). The medical records further showed that the alleged victim had visited doctors on a normal basis over the eight- year period with no reference to the wire. (*Id.* ¶ 61). Marble and Stewart did not dismiss the case against Plaintiff until March 6, 2009. (*Id.* ¶ 68).

## II.     Standard for Motion to Dismiss for Failure to State a Claim

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, an action may

be dismissed for "failure to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (holding that the complaint must offer more than labels, conclusions, or "'naked assertion[s]' devoid of further factual enhancement") (citations omitted). Said another way, the complaint must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through [its] allegations, show that it is plausible, rather than merely speculative, that [plaintiff] is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted). In considering whether the plaintiff has sufficiently stated a claim, the court draws all reasonable inferences in the plaintiff's favor and accepts as true all well-pled factual allegations. *Blagojevich*, 526 F.3d at 1081; *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

## III. Discussion

Plaintiff brings a Section 1983 action and companion state law claims against Deputy Prosecutor Marble and Prosecutor Stewart. To succeed on a Section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Study v. United States*, 782 F. Supp. 1293, 1299 (S.D. Ind. 1991) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To the extent that Plaintiff

sued Defendants in this individual capacity, Defendants argue that they are immune from suit under prosecutorial immunity. Further, Defendants argue they are entitled to sovereign immunity and are immune from suit under Section 1983 as they do not qualify as "persons" within the meaning of the statute.

### A. Capacity

Plaintiff does not specify in his Complaint whether he is suing Marble and Stewart in their official or individual capacities; therefore, as a preliminary matter, the court must determine Marble's and Stewart's capacities. When a defendant's capacity is not specified in the complaint, the court "'must determine the capacity based on the nature of the complaint.'" *Boyce v. Fairman*, 24 F. Supp. 2d 880, 884 (N.D. Ill. 1998) (quoting *Doe 1 v. Peterson*, 1998 WL 603274, *2 (N.D. Ill. Sept. 9, 1998)). To state a claim against a defendant in his official capacity, a plaintiff must allege that the official "was party to the execution or implementation of official policy or conduct by the government." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). To establish a claim against defendant in his individual capacity, a plaintiff must "'show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

### 1. Individual Capacity

In Paragraphs 75-76, 82-83, 91-96, 104-106, 107-109 of Plaintiff's Complaint, Plaintiff alleges instances where Stewart and Marble were acting as an official, under the color of state law, and deprived Plaintiff of a federal right. Plaintiff alleges that both

5

Stewart and Marble deprived Plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment, and the Fourth Amendment right to be free from unreasonable seizure. (Complaint ¶¶ 75, 76). Further, Plaintiff alleges state law torts of malicious prosecution, false arrest, and false imprisonment. (Complaint ¶¶ 82, 83, 91, 94, 104, 107). To the extent that Plaintiff alleges that Defendants personally deprived him of his federal rights, they are being sued in their individual capacity.

### 2. Official Capacity

In his Complaint, Plaintiff also alleges that Defendants were a party to an official policy or conduct by the government. Plaintiff alleges that Stewart failed to investigate when further investigation was clearly necessary, failed to produce discovery materials, failed to provide exculpatory evidence, and failed to have proper policies in place for the direction of his employees and/or failed to properly train them. (Complaint ¶ 75). Further, Plaintiff alleges that Marble was not properly trained or did not follow policies that were put in place for investigation, that she failed to produce discovery material, and that she failed to disclose exculpatory evidence in a timely manner. (Complaint ¶ 76). To the extent that Plaintiff alleges that Defendants were parties to the execution of official government policies, Marble and Stewart are sued in their official capacity. Therefore, the court finds that Stewart and Marble are being sued in both their official and individual capacities.

**B.     Section 1983 Claims**

   **1.     Sovereign Immunity For Monetary Damages**

The doctrine of sovereign immunity, espoused by the Eleventh Amendment to the United States Constitution, prohibits lawsuits against states by their own citizens. *Hans v. Louisiana*, 134 U.S. 1, 15-18 (1890). This immunity extends to lawsuits against state agencies. *See Endres v. Ind. State Police*, 349 F.3d 922, 927 (7th Cir. 2003). Further, sovereign immunity extends to lawsuits against state officials in their official capacity as the suit is not against the state officials themselves, but instead is a suit against the state official's office. *Leonberger v. Brunsvold*, 2008 WL 268603, *3 (C.D. Ill. Jan. 30, 2008) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Prosecutors are state officials, as the State provides salaries to prosecutors and provides them with legal representation when they are sued. *See* IND. CODE § 33-39-6-5(d), 33-23-13-3. Further, an Indiana Prosecuting Attorney is a state official when representing the State in court in criminal or other related matters. *Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998) (finding that a prosecutor is a state official); *see also Study*, 782 F. Supp. at 1178 (concluding that "a prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases").

There are exceptions to the States' sovereign immunity. *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2001). In certain situations, Congress may abrogate the States' sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). However, Congress did not abrogate the States'

sovereign immunity in enacting 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979). For purposes of a Section 1983 claim, a state or a state official is not a "person." *Will*, 491 U.S. at 64, 71.

In this case, Plaintiff concedes that any Section 1983 claim against Defendants in their official capacities is barred by sovereign immunity. As discussed above, suits against these arms of state government are no different from suing the State of Indiana itself and are therefore barred by the Eleventh Amendment. Accordingly, the court finds that Plaintiff's Section 1983 claims against Stewart and Marble, in their official capacity, for violations of Plaintiff's federal constitutional rights under Section 1983 are barred.

### 2. Injunctive or Declaratory Relief

Plaintiff argues that sovereign immunity does not bar his request for injunctive or declaratory relief from Defendants in their official capacity. The court agrees with Plaintiff that the Eleventh Amendment does not bar a claim against a state official acting in his official capacity when injunctive relief rather than monetary damages are sought. *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F. 2d 904, 908 (7th Cir. 1991). Declaratory relief is likewise not barred by the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 757 (1999) (holding that declaratory relief, such as interpretation of a statute, is not barred by sovereign immunity). However, injunctive relief for purposes of the Eleventh Amendment is limited to *prospective* relief. *Parents for Quality Educ. v. Fort Wayne Cmty. Sch. Corp.*, 662 F. Supp. 1475, 1481 (N.D. Ind. 1987). Additionally, declaratory or injunctive relief is not available when its only purpose is to "establish liability for past

infringement of [plaintiff's] rights so as to entitle [plaintiff] to damages." *Ill. Dunesland Pres. Soc'y v. Ill. Dept. of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009). Declaratory or injunctive relief is only proper if there is a continuing violation of a federal law. *Green v. Mansour*, 474 U.S. 64, 73 (1985).

In the present case, Plaintiff seeks injunctive and declaratory relief from Marble and Stewart, in their official capacity, for past violations of Plaintiff's federal rights. If the court were to grant Plaintiff's request for declaratory or injunctive relief, it would not be the kind of prospective relief intended under Section 1983, as it would be relief from a past constitutional violation, rather than relief from future or continuing violations of federal law. Therefore, to the extent that Plaintiff seeks declaratory or injunctive relief from Defendants, the court finds that Plaintiff's Section 1983 claims must be dismissed.

### 3. Prosecutorial Immunity

Prosecutors are "entitled to absolute immunity from acts taken to initiate or conduct a prosecution." *Study*, 782 F. Supp. at 1297 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "This absolute immunity 'shelters prosecutors even when they act maliciously, wantonly, or negligently.'" *Id.* (citations omitted). The basis of prosecutorial immunity is "that the prosecutor is engaged in conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 680 (E.D. Wisc. 1999) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). However, prosecutors are not entitled to absolute immunity when they perform investigative functions that would normally be done by a police officer or detective. *See Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 273-74 (1993).

In the instant case, the actions that Plaintiff alleges were taken by Stewart and Marble, in their individual capacity were for the purposes of initiating and conducting the prosecution of Plaintiff. In Plaintiff's Reply Brief, he cites case law stating that prosecutors who engage in investigatory functions are not entitled to prosecutorial immunity. However, Plaintiff alleges in his Complaint that Marble and Stewart did not investigate his case. (Complaint ¶¶ 44, 75, 76). Therefore, Defendants performed none of the investigatory duties that would remove them from protection pursuant to *Buckley*. Accordingly, the court finds that any Section 1983 claims against Stewart and Marble in their individual capacity must be dismissed because they are entitled to prosecutorial immunity.

**C.     State Law Claims**

    **1.     Prosecutorial Immunity**

Under Indiana Law, prosecutors have common law immunity from suits that are "reasonably within the general scope of authority granted to prosecuting attorneys . . . ." *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979). Initiating court proceedings are within the general scope of authority granted to prosecuting attorneys as prosecutors are the only individuals in Indiana who can bring criminal proceedings on behalf of the state. *See McMullen v. Myers*, 2009 WL 3447448, *4 (N.D. Ind. Oct. 19, 2009). The scope of immunity in Indiana is broader than under federal law, as Indiana has rejected the

"distinction between prosecutorial and administrative or investigative functions for the purposes of immunity, as long as the prosecutor is acting within the scope of his or her authority." *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998) (citing *Foster*, 387 N.E.2d at 448-49).

In the instant case, Plaintiff argues that Defendants are not entitled to prosecutorial immunity because they undertook investigative steps that removed them from the protection of prosecutorial immunity. In Indiana, however, prosecutors are immune from suit as long as they were acting within the scope of their authority, and are not limited to non-investigatory conduct. The issue of whether Defendants performed investigatory functions is not relevant for the purposes of the state law claims analysis. Further, the actions taken by Defendants in initiating court proceedings against Plaintiff and filing court documents were within the scope of their authority as prosecutors. Therefore, the court finds that Marble and Stewart are entitled to prosecutorial immunity under common law.

In addition, Defendants argue that they are entitled to immunity pursuant to the Indiana Tort Claims Act ("ITCA"). The ITCA is "comprehensive and provides that governmental entities are subject to liability for their torts in Indiana state courts, unless the activity giving rise to the tort falls within its list of enumerated exceptions." *Januchowski v. N. Ind. Commuter Transp. Dist.*, 905 N.E.2d 1041, 1047 (Ind. Ct. App. 2009); *see also* IND. CODE § 34-13-3-3. The party seeking immunity under the ITCA has

the burden of establishing that he falls within *one* of the exceptions set out in the ITCA. *See Flynn v. Ind. Bureau of Motor Vehicles*, 716 N.E.2d 988, 990 (Ind. Ct. App. 1999); *N. Ind. Commuter Transp. Dist.*, 905 N.E.2d at 1047 (citing *Peavler v. Monroe County Bd. of Comm'rs*, 528 N.E.2d 40, 46 (Ind. 1988)).

In this case, Defendants argue that they fall under exceptions (6) and (7) to the ITCA for the "initiation of judicial proceedings or an administrative proceeding" and the "performance of discretionary functions." *See* IND. CODE § 34-13-3-3(6), (7). Plaintiff does not dispute that Defendants fall within exceptions (6) and (7), but instead argues that Defendants fall within exception (8), which excludes false imprisonment and false arrest from immunity. *See* IND. CODE § 34-13-3-3(8). If Defendants were relying on exception (8) for immunity, then Plaintiff's false imprisonment and false arrest claims would stand. However, Defendants, are not seeking immunity under exception (8), but instead under exceptions (6) and (7), which do not contain exclusions. As prosecutors, Stewart and Marble took steps to initiate a criminal proceeding against Plaintiff pursuant to their job responsibilities. Thus, Defendants have established that they fall within two of the exceptions to the ITCA and are entitled to statutory immunity. Therefore, Stewart and Marble are entitled to both statutory immunity under the ITCA and common law prosecutorial immunity. Accordingly, the state law claims against Defendants in their individual capacities must be dismissed.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** (Docket # 27). Plaintiff's request for oral argument is **DENIED** (Docket # 43).

**SO ORDERED** this 25th day of August 2010.

                                      RICHARD L. YOUNG, CHIEF JUDGE
                                      United States District Court
                                      Southern District of Indiana

Electronic Copies To:

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com

Jason J. Pattison
JENNER, AUXIER, & PATTISON, LLP
jpattison@wjennerlaw.net

John Thomas Roy
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov